IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LEANNDRA NICOLE KING,<br>Plaintiff, | )<br>)<br>) | |
| v. | ) | Civil No, 7:12-CV-109-O-BL |
| | ) | |
| WICHITA FALLS POLICE OFFICER, *et al.*,<br>Defendants. | )<br>) | |

## REPORT AND RECOMMENDATION

This is a civil rights action filed by a resident of Wichita Falls, Texas. Plaintiff alleges that three citations were issued in her name to a friend who falsely gave her name to police when stopped for traffic law violations. Plaintiff alleges that Defendants violated her rights by failing to thoroughly investigate the identity of the driver. She further claims that warrants for her arrest were issued because the fines remained unpaid. Plaintiff seeks declaratory judgment, injunctive relief, and monetary damages.

On January 25, 2013, a questionnaire was issued to Plaintiff. Her answers to the questions are necessary for the Court to determine whether she has stated a colorable civil rights claim. Plaintiff was given thirty days in which to file her answers. Review of the Clerk's docket sheet reflects that Plaintiff has failed to file her answers to the Court's questions.

Rule 41(b), Federal Rules of Civil Procedure, allows the District Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)). A Rule 41(b) dismissal may be with or

without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal *with prejudice* for want of prosecution is an extreme sanction which should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.* In the case at bar, Plaintiff has failed to respond to the Court's questionnaire. Absent compliance with the Court's order, this case cannot proceed.

In light of the status of this case, the imposition of fines and costs is not appropriate. Although she has failed to comply with the Court's order, it is not evident from the record that Plaintiff has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the Court finds that the interests of justice and those of judicial efficiency are best served by dismissal of this action without prejudice.

The incidents underlying Plaintiff's claims occurred in February 2012. Therefore, it appears that Plaintiff has ample time in which to re-file her complaint within the two-year statute of limitations.

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 5th day of March, 2013.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE